The Chancellor.
The testator, by his will, disposes of his estate as follows: I give and bequeath to Col. Thomas Cadwalader and Philemon Dickinson, both residents of Trenton and its vicinity, and of the county of Mercer, all my property, real and personal, in trust for the following purposes: First, to pay all my debts as soon as convenient; second, to allow my housekeeper, Ann Drake, twenty-four dollars yearly, during her natural life, payable half-yearly, and one quarter’s wages in advance immediately after my decease—also my other hired domestics ten dollars who shall be with me at the aforesaid time. To my son Israel Clarke three hundred dollars yearly paid in quarterly instalments—and to my son Nicholas Bellvillc Clarke the same provided he the said Nicholas makes no demand of my estate, and prefers no claim, legal or otherwise, for monies said to be left him by his grandfather Nicholas Bellville, in which case this annuity shall cease, determine, and end, and shall be paid to my daughters Susan Elizabeth Hunt and Annie B. Clarke. And to my two aforesaid daughters I give and bequeath the residue of all my estates real and personal, together with the reversion of the two annuities left to my two sons after their decease. To my grandson James Clarke Hunt, the reversion of Ann Drake’s annuity after her decease. And I hereby constitute, &c.
The debts and legacies have all been paid. The annuitants are all dead, except Ann Drake, and the annuities due them were all paid up to the time of their decease. WiUiam E. Hunt, the complainant, married Susan Elizabeth Hunt.' She died leaving four children surviving her. The complainant has since married Annie B. Clarke, the other daughter of the testator. The executors and trustees named in the will have since the testator’s death been in the receipt of the rents and profits of the real estate of *317 the testator. The complainant, by this bill, calls upon the executors to account for the rents and profits. It is really an amicable suit to determine the true construction of the will.
The counsel who drew the bill seemed to be under the impression that the legal title to all the real estate of testator was vested in the executors, and that after the payment of the annuities, the executors still held the estate as a trust estate for the benefit of the testator’s daughters, Susan Elizabeth Hunt and Annie B. Clarke. And under this idea, the complainant only asks, by his bill, that he may have the rents and profits of that portion of the estate which was given to his former wife Susan Elizabeth, claiming these rents and profits as tenant by the curtesy in the trust estate. But it appears to me very clear that there was no trust estate created by this will for the benefit of the daughters, and that whatever they take under the will is by direct gift from the testator. It is true the testator “ gives and bequeaths” to Col. Thomas Cadwalader and Philemon Dickinson all his property, real and personal, but for what purposes ? He specifies those purposes. They are the the payment of certain annuities and legacies. But after these are named, he does not then create a trust estate for the benefit of his daughters. After the fulfilment of the trust, there remains a residue to be disposed of. The testator gives it direct to his daughters without any intervention of trustees. His language is, “ and to my two aforesaid daughters I give and bequeath the residue of all my estates real and personal.” Over this residue these trustees have no control. The estate given to the daughters does not partake of the nature of a trust estate. The legal title passed by this will to the daughters. “ I give and bequeath the residue of all my estates” to my daughters. What residue ? Undoubtedly that which remained after all the trusts of the will are disposed of. Suppose the will was, “ I give all my estate, real and personal, to Col. T. C. and P. D. in trust to pay A. D. four *318 hundred dollars, and all the rest and residue of my estate, real and personal, I give and bequeath to my two daughters, S. E. H. and A. B. C.” In such case, it certainly would be very clear that the legal title would pass to the daughters, subject to the payment of the $500. These annuities and legacies are nothing but a charge upon the estate. "When they are satisfied, the estate is discharged of all trusts, and the legal estate passes, by virtue of the devise and the express language of the will, to the two daughters. The will gives nothing to the trustees for the benefit of the daughters. "What it gives to the daughters it gives them direct. “ To my two aforesaid daughters I give and bequeath the residue,” &c.
The rights of the husband, therefore, in this estate are the rights which a husband has in an estate of fee simple of his wife.
The complainant jure mariti, as the husband of Susan E. Clarke, is entitled to all the residue of the personal estate of the testator and of all the rents, issues, and profits of the real estate in the hands of the executors at the time of her death; and, as tenant by the curtesy, he takes a life estate in the residue of the real estate which belonged to her under her father’s will, and, as such, may dispose of it during his life.
As the husband of Annie B. Clarke, the complainant is entitled to all the residue of the personal estate of the testator, and of all the rents, issues, and profits of the real estate in the hands of the executors, except such as had been paid to her previous to her marriage. The complainant is entitled to an account as soon as the trusts of the will are performed, or properly secured by a decree of this court. All the legacies have been paid, and all the annuities are extinguished, except that of Ann Drake. This is an annuity of twenty-four dollars a year, the reversion of which now belongs to James C. Hunt. There are more than funds sufficient in the hands of the executors to secure this annuity.
*319 There must he reference to a master to take an account of the personal estate and of the rents of the real estate of the testator now in the hands of the executors, making all just allowances, and to state what sum will be sufficient to remain in the hands of the executors as a principal to secure the annuity to Ann Drake.